**Derek A. Soinski (SBN 293747)**
**REDWOOD LAW GROUP, APC**
11440 W Bernardo Ct., Ste. 300
San Diego, California 92127
Phone: (858) 533-1889
E-Mail: derek@redwoodlawgroup.com

Attorney for Plaintiff
SAMANTHA CEDILLO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAMANTHA CEDILLO, an individual,

Plaintiff,

v.

KIA AMERICA, INC. a California Corporation,

Defendant.

Case No.: '24CV0954 H AHG

COMPLAINT FOR VIOLATIONS OF:
(1) CAL. CIV. CODE § 1793.2 (D) (SONG BEVERLY CONSUMER WARRANTY ACT);
(2) VIOLATION OF CAL. CIV. CODE § 1793.2 (B) (SONG BEVERLY CONSUMER WARRANTY ACT);
(3) VIOLATION OF CAL. CIV. CODE § 1793.2 (A)(3) (SONG BEVERLY CONSUMER WARRANTY ACT);
(4) VIOLATION OF CAL CIV. CODE § 1791.2(A) & § 1794 (SONG BEVERLY CONSUMER WARRANTY ACT);
(5) VIOLATION OF CAL CIV. CODE § 1791.1 & § 1794 (SONG BEVERLY CONSUMER WARRANTY ACT);
(6) VIOLATIONS OF 15 U.S.C. §§ 2301(6) AND 2310(D)(1) AND (2) (MAGNUSON-MOSS WARRANTY ACT); AND
(7) VIOLATIONS OF 15 U.S.C. §§ 2301(7) AND 2310(D)(1) AND (2) (MAGNUSON-MOSS WARRANTY ACT)

JURY TRIAL DEMANDED

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. SAMANTHA CEDILLO (hereinafter referred to as "**Plaintiff**"), by and through her counsel of record, brings this action against KIA AMERICA, INC., (hereinafter referred to as "**Defendant**" or "**KIA**") pertaining to actions by Defendant in violation of California's Song Beverly Consumer Warranty Act, and in violation of the Federal Magnuson-Moss Warranty Act.
2. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made on personal knowledge.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under 15 U.S.C. § 2301 et. seq. ("**Magnuson-Moss Warranty Act**").
4. This action is based in part on Defendant's violations of 15 U.S.C. §2301 *et. seq.*; therefore, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all of Plaintiff's other California claims because said claims are so related to the federal claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Plaintiff resides in San Diego County and Defendant regularly conduct business within State of California, County of San Diego.

## PARTIES

6. Plaintiff is, and was at all times mentioned herein, a natural person residing in Escondido, California, which is located in the County of San Diego, in the

State of California.

7. Plaintiff is a "buyer" of consumer goods under Cal. Civ. C. § 1791(b).

8. Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

9. KIA is a California Corporation created under the laws of the State of California. KIA is a multinational automaker that has its main headquarters in Irvine, California. KIA's primary business purpose is the manufacture and sale of automobiles.

10. Defendant is a "manufacturer" and/or a "distributor" as that term is defined under the Song-Beverly Act.

11. Defendant is an entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

12. Defendant is a "Supplier" and a "Warrantor" as that term is defined under 15 U.S.C. §§ 2301(4), and (5).

## GENERAL ALLEGATIONS

13. Plaintiff incorporates paragraphs 1-12 by reference as though fully set forth herein.

14. The claims identified in this Complaint arise out of the purchase and sale of a vehicle from North County Kia located in Escondido, California, as well as the failure to repair said vehicle by Defendant.

15. On or about May 8, 2022, Plaintiff purchased a 2019 Kia Optima LX with Vehicle Identification Number ("**VIN**") 5XXGT4L38KG345491 (the "**Vehicle**") which was manufactured, distributed, or sold by Defendant. The total consideration Plaintiff paid or agreed to pay for the Vehicle, including taxes and fees was $43,411.04.

16. The Vehicle was manufactured by Defendant and Defendant provided an express warranty in connection with the sale of the Vehicle. In the express warranty, Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there was a failure

in utility or performance for a specified period of time. The express warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to an authorized dealership, and the Vehicle would be repaired by Defendant or one of its designated agents.

17. The Vehicle was purchased and used primarily for personal, family, or household purposes.

18. On or before February 13, 2024, with approximately 89,899 miles, the Vehicle contained or developed defects indicating that the Vehicle was sold with a defective engine, along with other powertrain components, causing the vehicle to unexpectedly stall, illuminate the check engine light and oil warning light, and to excessively consume engine oil.

19. On or about April 25, 2024, Plaintiff again delivered the Vehicle to KIA's authorized repair facility, but without explanation, KIA began to willfully refuse to honor the express warranty accompanying the Vehicle.

20. On or about April 30, 2024, Plaintiff contacted KIA directly in order to demand KIA either fix or repurchase the Vehicle; KIA refused.

21. The Vehicle continued to suffer from its significant defects and on or about May 2, 2024, Plaintiff delivered the Vehicle to KIA with the "check engine light" illuminated, the Vehicle misfiring, stalling and generally failing to achieve normal operation. KIA identified myriad powertrain defects, such as spark plugs and oil pan, but KIA refused to honor its warranty and forced Plaintiff to pay for the necessary repairs. The repairs failed to fix the ongoing problems.

22. Ultimately, on or about May 23, 2024, Plaintiff was forced to bring the Vehicle back to KIA with an illuminated "oil light" and excessively consuming oil. Both KIA and its agents willfully refuse to honor the Vehicle's express powertrain warranty.

23. Plaintiff cannot safely rely on the Vehicle for normal operation.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## VIOLATION OF CAL. CIV. CODE § 1793.2(d)

## (SONG BEVERLY CONSUMER WARRANTY ACT)

24. Plaintiff incorporates paragraphs 1-23 by reference as though fully set forth herein.

25. Plaintiff delivered the Vehicle to Defendant and their representatives to repair the defects on at least three (3) separate occasions, but KIA has been unable to repair the Vehicle and the Vehicle remains defective as of the date of this Complaint.

26. Defendant and its representatives have been unable to service or repair the Vehicle to conform to the applicable express warranty after a reasonable number of opportunities.

27. Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Cal. Civ. Code § 1793.2(d) and Cal. Civ. Code §1793.1(a)(2).

28. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Cal. Civ. Code § 1793.2(d) and Cal. Civ. Code §1793.1(a)(2), and brings this cause of action pursuant to Cal. Civ. Code § 1794.

29. Defendant's failure to comply with its obligations under Cal. Civ. Code § 1793.2(d) was willful in that Defendant and its representatives were aware that it was unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts and Plaintiff initiated KIA's dispute resolution process. Despite this, Defendant refused to actually fully replace the Vehicle or make restitution.

Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

**II.**

**SECOND CAUSE OF ACTION**

**VIOLATION OF CAL. CIV. CODE § 1793.2(b)**

**(SONG BEVERLY CONSUMER WARRANTY ACT)**

30. Plaintiff incorporates paragraphs 1-29 by reference as though fully set forth herein.

31. Although Plaintiff presented the Vehicle to Defendant's designated repair facility for service and repair, Defendant failed to commence the service or repairs within a reasonable time period, and failed to service or repair the Vehicle so as to conform to the applicable warranty within 30 days (the Vehicle remains defective as of the date of this Complaint) pursuant to Cal. Civ. Code § 1793.2(b).

32. At no time did Plaintiff extend the time for completion of repairs beyond the 30-day requirement.

33. Plaintiff has been damaged by Defendant's failure to comply with their obligations pursuant to Cal. Civ. Code §1793.2(b), and thus Plaintiff has a statutory cause of action against Defendant pursuant to Cal. Civ. Code § 1794.

34. Accordingly, Plaintiff seeks the remedies provided in Cal. Civ. Code § 1794(b)(1), or alternatively, those set forth in Cal. Civ. Code § 1794(b)(2), including the diminution in the value of the Vehicle resulting from its defects.

35. Defendant's failure to comply with its obligation under Cal. Civ. Code §1793.2(b) was willful, in that Defendant and its representatives were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so.

36. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

**III.**

**THIRD CAUSE OF ACTION**

**VIOLATION OF CAL. CIV. CODE § 1793.2(a)(3)**

**(SONG BEVERLY CONSUMER WARRANTY ACT)**

37. Plaintiff incorporates paragraphs 1-36 by reference as though fully set forth herein.

38. Defendant failed to make available to the authorized service and repair facilities, sufficient service literature and replacement parts to effect repairs during the express warranty period.

39. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Cal. Civ. Code §1793.2(a)(3), and therefore brings this cause of action pursuant to Cal. Civ. Code § 1794.

40. Defendant's failure to comply with its obligations under Cal. Civ. Code § 1793.2(a)(3) was willful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow their designated repair facility, or other authorized repair facilities, to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

**IV.**

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CAL CIV. CODE §§ 1791.2(a) & 1794**

**(SONG BEVERLY CONSUMER WARRANTY ACT)**

41. Plaintiff incorporates paragraphs 1-40 by reference as though fully set forth herein.

42. In accordance with Defendant's express warranties, Plaintiff delivered the Vehicle to Defendant's designated repair facility in reasonable time, which were Defendant's authorized representatives in to perform said warranty repairs on the Vehicle.

43. Each time Plaintiff delivered the Vehicle to the KIA designated repair facility, Plaintiff notified Defendant by and through their representatives of the characteristics of the defects. Despite this, Defendant by and through its authorized designated repair facility failed to repair the Vehicle, thus breaching the terms of the written warranty on each occasion.

44. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this cause of action pursuant to Cal. Civ. Code § 1794.

45. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant was aware that it was obligated to repair the defects, but intentionally refused to do so and refused to repurchase the Vehicle.

46. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

## V.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CAL CIV. CODE § 1791.1 & § 1794

## (SONG BEVERLY CONSUMER WARRANTY ACT)

47. Plaintiff incorporates paragraphs 1-46 by reference as though fully set forth herein.

48. Pursuant to Cal. Civ. Code § 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Cal Civ. Code §1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant,

except that the duration is not to exceed one year.

49. Pursuant to Cal. Civ. Code § 1791.1(a), the implied warranty of merchantability means and includes that the Vehicle would comply with each of the following requirements: (1) The Vehicle would pass without objection in the trade under the contract description; (2) the Vehicle was fit for the ordinary purpose for which it was sold or used; (3) The Vehicle was adequately contained, packaged, and labeled; (4) The Vehicle would conform to the premises or affirmations of fact made on the container or label.

50. At the time of purchase, or within one year thereafter, the Vehicle contained or developed the defects described within this Complaint. The existence of each of these defects constitutes a breach of the implied warranty, because the Vehicle (1) did not pass without objection in the trade under the contract description; (2) was not fit for the ordinary purpose for which it was sold or used; (3) was not adequately contained, packaged, or labeled; and (4) did not conform to the promises or affirmations of fact made on the container or label.

51. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore bring this Cause of Action pursuant to Cal. Civ. Code § 1794.

**VI.**

**SIXTH CAUSE OF ACTION**

**VIOLATIONS OF 15 U.S.C. §§ 2301(6) and 2310(d)(1) and (2)**

**(MAGNUSON-MOSS WARRANTY ACT)**

52. Plaintiff incorporates paragraphs 1-51 by reference as though fully set forth herein.

53. The Vehicle is a "Consumer Product" as defined in 15 U.S.C. § 2301(1).

54. The express written warranty provided by Defendant is a "Written Warranty" as defined by 15 U.S.C. § 2301(6).

55. Plaintiff brought the Vehicle on three (3) or more occasions to an authorized dealership and/or agent of KIA designated to perform repairs on the Vehicle under the express warranty, but KIA has failed to properly repair the Vehicle.

56. The above-described actions (failure to repair and/or properly repair the defects described herein), including failure to honor the written warranty, constitute a breach of the written warranty by Defendant under 15 U.S.C. §§ 2310(d)(1)&(2).

57. As a direct result of the omissions by Defendant, Plaintiff suffered monetary damages.

**VII.**

**SEVENTH CAUSE OF ACTION**

**VIOLATIONS OF 15 U.S.C. § 2301(7) & 15 U.S.C. §§ 2310(d)(1) & (2)**

**(MAGNUSON-MOSS WARRANTY ACT)**

58. Plaintiff incorporates paragraphs 1-57 by reference as though fully set forth herein.

59. The Vehicle is a "Consumer Product" as defined in 15 U.S.C. § 2301(1).

60. Plaintiff brought the Vehicle on three (3) or more occasions into an authorized dealership and/or agent of KIA designated to perform repairs on the Vehicle under the express warranty, but the dealership is yet unable to repair the defects and remains inoperable.

61. The Vehicle was subject to an "implied warranty" as that term is defined in 15 U.S.C. § 2301(7) pursuant to Cal. Civ. Code § 1791.1, the Vehicle was subject to an implied warranty of merchantability.

62. The above-described actions (failure to repair and/or properly repair the defects described herein), constitute a breach of the implied warranty of merchantability pursuant to 15 U.S.C. §§2301(7) and (8).

63. The above-described actions (failure to repair and/or properly repair the defects described herein), including failure to honor the implied warranty of

merchantability, make Defendant liable to Plaintiff under 15 U.S.C. §§ 2310(d)(1) and (2).

64. As a direct result of the omissions by Defendant, Plaintiff suffered monetary damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant Kia America, Inc. herein, respectfully requests this Court enter a Judgment against Defendant as follows:

(1) AS TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION:

a. Plaintiff is entitled to reimbursement of the price paid for the Vehicle;

b. Plaintiff is additionally entitled to all incidental, consequential, and general damages subject to proof at trial resulting from Defendant' failure to comply with their obligations under the Song-Beverly Act;

c. Plaintiff is additionally entitled to a sum equal to the aggregate amount of costs and expenses, including attorney's fees reasonably incurred in connection with the commencement and prosecution of this action, pursuant to the Song-Beverly Act; and

d. Plaintiff is additionally entitled to a civil penalty of to two times the amount of actual damages as Defendant have willfully failed to comply with their obligations under the Song-Beverly Act.

(2) AS TO THE SIXTH AND SEVENTH CAUSES OF ACTION:

a. A determination that acceptance of the Vehicle has been properly revoked by Plaintiff and for damages incurred in revoking acceptance;

b. A refund of the purchase price paid by Plaintiff for the Vehicle;

c. Cancellation of Plaintiff's Original Purchase Agreement and payment in full

of the balance of same;

d. Consequential, incidental, and actual damages subject to proof at trial; and

e. Costs and expenses including actual attorneys' fees and costs reasonably incurred.

(3) AS TO ANY JUDGMENT ENTERED HEREON

a. For prejudgment and post judgment interest on all amounts awarded; and

b. For such other and further relief as the Court may deem just and proper.

Dated: May 31, 2024

REDWOOD LAW GROUP, APC

By: /s/ Derek Soinski
Derek A. Soinski, Esq.
Attorney for Plaintiff
SAMANTHA CEDILLO
E-Mail: derek@redwoodlawgroup.com

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by a jury.

Dated: May 31, 2024

REDWOOD LAW GROUP, APC

By: /s/ Derek Soinski

Derek A. Soinski, Esq.
Attorney for Plaintiff
SAMANTHA CEDILLO
E-Mail: derek@redwoodlawgroup.com